DELGADO, DEMANDANTE Y APELANTE, *v.* ACEVEDO ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo en
pleito sobre desahucio.

No. 2671.—Resuelto en abril 6, 1922.

COMPRAVENTA—DESAHUCIO.—En el presente caso dictóse sentencia por transacción
mediante la cual convinieron las partes que el demandante pagaría quince
dólares a los demandados a condición de que en el término de tres meses y
por su cuenta retiraran de la finca de aquél una casita propiedad de éstos,
conviniéndose además, según la cláusula tercera, ''que el referido precio de
quince dólares es el señalado para la casita referida, y que si en el término
de referencia los demandados no han cumplido con la obligación de sacar
la casa, ésta quedará como propiedad del demandante, pagándole siempre a
los demandados los aludidos quince dólares.'' El demandante pagó los $15
a los demandados y no habiendo sido retirada la casa en el plazo convenido
entabló demanda de desahucio contra ellos. *Se resolvió:* que los términos
de la cláusula tercera demuestran una compraventa consumada por la entrega
del precio y el vencimiento del plazo y que procedía el desahucio por precario.

EVIDENCIA CONCLUYENTE—SENTENCIA—*Estoppel.*—De acuerdo con el artículo 59
de la Ley de Evidencia una sentencia es concluyente entre las partes y no es
admisible evidencia para probar estipulaciones que no constan en la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Mercader.*

Los apelados no tienen abogado.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Como consecuencia de un pleito de Miguel Delgado contra
Sotera Acevedo y Ernesto Rivera para que le vendieran mediante
indemnización una casita de madera de palmas con
techo de paja que habían construído los demandados de buena
fe en terrenos del demandante, las partes llegaron a una
transacción que presentaron a la corte en un escrito que
dice así:

''En la Corte de Distrito del Distrito Judicial de Arecibo, P. R.—
Miguel Delgado, demandante vs. Sotera Acevedo y Ernesto Rivera,
demandados.—Civil No. 6320.—Sobre: Otorgamiento de Escritura.
—Sentencia.—Por cuanto: que al ser llamado este pleito venido en
apelación de la Corte Municipal de Arecibo, para ser visto ante esta

Corte de Distrito, las partes presentaron a la corte el siguiente escrito de transacción: 'El demandante por su abogado Sr. Mercader y los demandados por el suyo Sr. Brusi, presente todos en este acto, exponen a la corte que han llegado a una transacción, y así solicitan pronuncie sentencia en los términos siguientes: 1º. Que los demandados se obligan a sacar la casita de maderas descrita en el hecho tercero de la demanda, y de su cuenta en el término de tres meses a contar de este día.—2. Que al sacar la casa de la finca del demandante, éste entregará a los demandados la suma de quince dollars.— 3º. Que el referido precio de quince dollars es el señalado para la casita referida, y que si en el término de referencia los demandados no han cumplido con la obligación de sacar la casa, ésta quedará como propiedad del demandante, pagándole siempre a los demandados los aludidos quince dólares.' ''

De acuerdo con los términos de esa transacción fué registrada sentencia en 12 de julio de 1921.

Algunos días después de transcurridos tres meses desde la fecha de la sentencia Miguel Delgado presentó en la Corte de Distrito de Arecibo demanda de desahucio por precario contra Sotera Acevedo y Ernesto Rivera, alegando ser dueño del terreno en que está dicha casita y también de ésta por virtud de haber entregado a los demandados los $15 a que se refiere la sentencia dictada por transacción y por haber transcurrido tres meses desde la fecha de la sentencia, sin que la hayan desocupado ni paguen por ella canon o merced alguno.

La sentencia fué contraria al demandante quien interpuso contra ella el presente recurso de apelación en el que sólo ha comparecido el apelante.

Fundó la corte inferior su sentencia en que no considera que por virtud de la transacción adquiriese el demandante sobre la casita que ocupa la demandada el derecho de dueño en pleno dominio; en que la transacción no puede considerarse verdaderamente tal porque presenta más bien los caracteres de una promesa de venta; en que según el testigo Nicomedes Rivera, que intervino en la transacción a nombre

de la demandada, se omitió en la misma que el demandante Delgado convino en que si los demandados no encontraban casa a los tres meses los dejaría allí como *arrimados;* en que el demandante no ha demostrado ser usufructuario ni poseer la finca en que está edificada la casa en cualquier concepto que le dé derecho a disfrutarla; y en que el demandante tiene reconocido por sus propios actos, al tratar de comprarle la casita, que la demandada es la dueña de ella y no ha probado ser el dueño del terreno en que se halla construída.

Cierto es que el demandante reconocía que la demandada era dueña de la casa y por esto fué que convino con ella en la transacción que le pagaría quince pesos para que se la llevara de la finca pero también fué convenio que si en el término de tres meses no cumplía la obligación de sacar la casa de la finca quedaría como propiedad del demandante, pagándole siempre dicha cantidad, la que en efecto le pagó, por lo que la casa pasó a ser propiedad del demandante. La cláusula tercera del convenio es terminante y clara y no permite otra interpretación que la de una venta consumada por la entrega del precio y el transcurso del plazo convenido.

Acreditado el dominio de la casa tenía acción el dueño de ella, aunque no fuera dueño del terreno, para desahuciar por precario a las personas que la ocupan sin pagar canon ni merced alguno; sin embargo, el demandante probó, además, con su declaración y con la de Lucas Rodríguez, testigo que presentaron los demandados, que es dueño del terreno en que la casa está fabricada y los propios demandados le reconocen ese carácter de dueño pues en la cláusula segunda de la transacción se dice "que al sacar la casa de la finca del demandante  *   *   * ."

Los demandados quisieron probar con la declaración de su testigo Nicomedes Rivera que además de las cláusulas contenidas en el escrito de transacción convinieron las partes

en otra que no figura en él, cual es que si a los noventa días los demandados no encontraban casa adonde trasladarse el demandante permitiría que los demandados siguieran viviendo la casita como *arrimados*. A esta declaración se opuso el demandante y creemos que tuvo razón porque según el artículo 59 de la Ley de Evidencia la sentencia dictada por transacción era concluyente para las partes en cuanto a las estipulaciones de la transacción. Además, aún teniendo en cuenta esa declaración siempre resultaría de ella que los demandados quedarían en la casa como *arrimados,* lo que quiere decir que la vivirían sin pagar nada por ella, y en tal situación también tenía el demandante el derecho de demandar en precario.

No estimando nosotros justificados los motivos que tuvo la corte inferior para declarar sin lugar la demanda y no encontrando otras razones que se opongan al derecho que ejercita opinamos que debe ser revocada la sentencia apelada y dictarse otra declarando con lugar el desahucio.

> *Revocada la sentencia apelada y declarada con lugar la demanda; con las costas a los demandados.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Wolf y Hutchison.